# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 301 | **DATE** | 2/23/2004 |
| **CASE TITLE** | Ramirez-Vicario vs. Achim | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated in the attached memorandum opinion and order, the Court's stay of removal shall remain in full force and effect; and the case shall be set for hearing on the merits of the petition for habeas corpus. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | 2/24/04 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | 6 |
| | Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | '04 FEB 23 AM 3:17 | | |
| MF | courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice | |
| | | | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTONIO RAMIREZ-VICARIO, )
)
Petitioner, )
) No. 04 C 0301
v. )
) Judge John W. Darrah
DEBORAH ACHIM, Field Operations Interim )
Director, United States Department of Homeland )
Security, Immigration and Customs Enforcement; )
TOM RIDGE, a Secretary of the Department of )
Homeland Security, )                                  DOCK͞
)
Respondents. )                                        FEB 2 4

## MEMORANDUM OPINION AND ORDER

Petitioner, Antonio Ramirez-Vicario, filed a Petition for Habeas Corpus and an Emergency Motion to Stay Deportation after he was detained by the United States Immigration and Customs Enforcement ("ICE"). Pursuant to an Immigration Judge's order from January 4, 1995, the ICE intends to deport Vicario to Mexico. On January 15, 2004, Vicario's Emergency Motion to Stay Deportation was granted. Respondents seek to have the stay vacated.

The following facts, for purposes of this motion, are found in the pleadings, affidavits, and attachments. Vicario is an immigrant from Mexico. In 1992, at the age of 15, Vicario entered the United States without inspection. In 1994, he was placed into deportation proceedings. Vicario was initially ordered deported; but, through an attorney, he succeeded in reopening those proceedings in 1995. Instead of an Order of Deportation, Vicario obtained permission to depart voluntarily from the United States under an Order of Voluntary Departure. The Order of Voluntary Departure was entered in lieu of an Order of Deportation. Pursuant to regulation, the Order of Voluntary Departure would automatically convert to an Order of Deportation if Vicario failed to depart on or before

January 15, 1995.

On January 5, 1995, Vicario traveled by airplane to Mexico via Mexico Airlines. When Vicario departed the United States, he handed a sheet of paper intended to confirm his departure to Mexican immigration officials rather than taking the confirmation to a United States embassy or consulate. Approximately three weeks after departing the United States, Vicario unlawfully reentered the United States.

In 1997, unaware that Vicario had departed the United States, the INS issued a Warrant of Deportation based on the Immigration Judge's January 4, 1995 order.

In 1998, Vicario married Emma Beltran, a lawful permanent resident of the United States. Emma became a United States citizen in February 2000. Vicario and Emma have two children, ages three and one month.

In 2000, Emma filed an immigration visa petition on Vicario's behalf. Vicario then filed an application for permanent residency in the United States pursuant to 8 U.S.C. § 1255(i), which permits individuals who entered the country unlawfully – but are otherwise eligible for resident status – to obtain resident status upon payment of a $1,000 penalty. This application was denied on January 16, 2004.

In January 2004, Vicario was stopped by the Waukegan police for driving with his license plate obstructed by snow. The police officer ran a national Crime Information Center check which indicated that Vicario had an outstanding warrant or charge related to his outstanding deportation order. Vicario was arrested and turned over to the ICE, where he remains in custody.

The ICE has informed Vicario that it intends to remove him pursuant to the Warrant of Deportation issued in 1997, notwithstanding Vicario's claim that he timely departed the United

States. ICE intended to effectuate Vicario's deportation on January 16, 2004. On January 15, 2004, this Court granted Vicario's Emergency Motion to Stay Deportation.

Respondents first argue that this Court lacks jurisdiction under 8 U.S.C. § 1252(g) to review Vicario's habeas petition.

Amendments to the Immigration and Nationality Act do not foreclose all use of 28 U.S.C. § 2241, the general habeas corpus statute. *See INS v. St. Cyr*, 533 U.S. 289, 311-313 (2001). However, 8 U.S.C. § 1252(g) prohibits the review of particular kinds of administrative decisions in the district courts. *See Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (*AADC*). Section 1252(g) states:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against an alien under this chapter.

Accordingly, Section 1252(g) restricts the districts' jurisdiction only in the three circumstances found within the statute: "when the alien challenges discretionary actions taken by the Attorney General to (1) commence proceedings, (2) adjudicate cases, and (3) execute removal orders." *Fornalik v. Perryman*, 223 F.3d 523, 531 (7th Cir. 2000) (*Fornalik*), citing *AADC*, 525 U.S. at 482.

In the instant case, Vicario asserts that the claim of a removal order is improper as a matter of law and, no valid removal order exists because he voluntarily left the United States in 1995. Accordingly, Vicario is not challenging a discretionary action by the Attorney General to commence proceedings, adjudicate his case, or execute his removal order; and Section 1252(g) is not applicable. *See Fornalik*, 233 F.3d at 531-33 (finding Section 1252(g) did not foreclose the district court's review of petitioner's claim that the district director's denial of his adjustment of status application

3

was incorrect as a matter of law). Thus, Section 1252(g) does not deprive this Court of jurisdiction over Vicario's petition.

Respondents also argue that Petitioner has not established the necessary elements for a stay.

A petitioner seeking a stay of deportation must show: (1) some likelihood of success for his petition for review, (2) irreparable harm will occur if the stay is denied, (3) the potential harm to the petitioner outweighs the harm the respondent will suffer if the stay is granted, and (4) that a stay serves the public interest. *See Nwaokolo v. INS*, 314 F.3d 303, 307 (7th Cir. 2002) (*Nwaokolo*).[1]

To satisfy the likelihood-of-success element, Petitioner must show that his chances of success are "better than negligible." *See Sofinet v. INS*, 188 F.3d 703, 706-07 (7th Cir. 1999). The more likely that Petitioner will succeed on the merits, the less the balance of irreparable harm needs to weigh in Petitioner's favor. Conversely, the less likely success on the merits is, the more the balance of harm must weigh in Petitioner's favor. *See Nwaokolo*, 314 F.3d at 307.

Petitioner has shown a "better than negligible" chance of success on his petition. Petitioner contends that he is being held even though there is no valid outstanding order of removal against him and no other removal proceeding has been initiated against him. Respondents contend that the 1995 removal order is still in effect because there is no showing that Vicario left the United States as was required. However, Vicario has produced a plane ticket stub in his name dated January 5, and several affidavits of individuals attesting to Vicario's departure in early January 1995. Vicario has

---

[1] Respondents argue that the more stringent evidentiary standard set forth in 8 U.S.C. § 1252(f)(2) applies to the instant case. However, Section 1252(g) is inapplicable to the instant case because the deportation order the Respondents seek to enforce is from January 4, 1995, well before the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 of April 1, 1997. *See Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 477 (1999) ("the judicial-review procedures of § 1252 ... do not apply to aliens who were already in either exclusion or deportation proceedings of the IIRIRA's effective date...").

4

also produced a driver's license issued to him by Mexico and a statement from the Mexican Consulate that the license is valid for five years. The license expired in 2000, and Vicario claims this also is evidence of his voluntary return to Mexico in 1995. Respondents identify no evidence to refute that Vicario had left the United States and returned to Mexico as required other than his failure to complete a "required" I-392 form at the United States Consulate in Mexico. The Government cites no authority for the proposition that form I-392 is "required." In addition, Vicario avers that he had this form but that he gave it to Mexican authorities instead of United States authorities when he arrived in Mexico. Furthermore, there is no evidence that any other removal proceedings are presently initiated against Vicario.

In addition, if the stay is not continued, irreparable harm will occur because Vicario will be immediately deported and will be separated from his wife and children. This harm outweighs the harm to the INS if the stay is granted.

Lastly, while the government has an interest in removing illegal aliens from the United States, erroneously deporting Vicario and separating him from his family and community ties in the United States does not serve the public interest.

Petitioner has established the necessary elements discussed above. Therefore, the Court's stay of removal shall remain in full force and effect; and the case shall be set for hearing on the merits of the Petition for Habeas Corpus.

Dated: February 20, 2004

JOHN W. DARRAH
United States District Judge